**LAW OFFICES OF HUI CHEN & ASSOCIATES, P C**

COUNSELLORS AT LAW
136-20 38TH AVENUE 9E
FLUSHING, NY 11354
---
TELEPHONE: (718) 463-2666
TELECOPIER: (718) 463-2555
E-MAIL: hui.chenlawoffice@gmail.com

HUI CHEN*
NATELLA VINNIKOV*
---
CHEN CHEN
---

*ALSO ADMITTED IN NEW JERSEY
*NEW YORK (ADMISSION PENDING)

MANHATTAN OFFICE
481 8TH AVENUE, SUITE 509
NEW YORK, NY 10001
---
writer's e-mail: hchen@yu.edu

July 29, 2020

**VIA ECF AND FIRST-CLASS MAIL**

Honorable Philip M. Halpern
United States District Court
Southern District of New York
500 Pearl Street
Chambers 1950, Courtroom 12D
New York, NY 10007

Re: <u>Wen Zhang v. Jun Wei Inc., et al.,</u>
<u>Case No. 20-cv-02641</u>

Dear Judge Halpern:

This firm represents the Defendants, Jun Wei Inc. d/b/a Oriental Foot Reflexology; Jun Wei Liu, and Fusheng Li.

The undersigned Defendants' counsel write, pursuant to Paragraph 2(C) and 4(C) of Honorable Judge Philp M. Halpern's Individual Practices, to respectfully submit this request for a pre-motion conference on Defendant's anticipated motion to dismiss the Complaint under Rule 12(b)(6) for all claims against Defendants due to failure to state a claim upon which relief can be granted.

Plaintiff's counsel and Defendant's counsel had meet-and-conferred about the potential motion to dismiss.

1

Plaintiff was a foot massager and Defendants operated a foot massage store located in Westchester County. Plaintiff and Defendants had a fee-splitting agreement where the Plaintiff would receive 40% of the amount paid by customers he served.

The basis for the anticipated motion is as follows:

**I.    Plaintiff was not an employee, but an independent contractor.**

Plaintiff was an independent contractor under the totality of circumstances. *Brock v. Superior Care, Inc.* 840 F.2d 1054, 1058 (2nd Cir. 1988). Defendants had no control over Plaintiff because of the fee-splitting agreement. Plaintiff had the opportunity for profit or loss in the business as he could solicit his own customers. The degree of skill required to perform the work was high as each customer had his or her satisfaction standard. Due to the fee-splitting agreement, Plaintiff created his own work schedule and abided by his schedule.

**II.    Defendants were not an employer.**

Defendants were not an employer of Plaintiff because none of the Defendants exercise a formal or functional control over the Plaintiff. *Velu v. Velocity Exp., Inc.,* 666 F.Supp.2d 300, 307 (2009)(citing *Bynog v. Cipriani Group. Inc.,* 1 N.Y. 3d 193, 198 (2003). The Plaintiff created his own working schedule and his income was proportionated to the number of customer he served. Defendants had no control over the Plaintiff because the Defendants did not pay the Plaintiff directly.

**III.    Plaintiff could not satisfy the interstate commerce requirement and Defendants did not have a gross income of $500,000 or more.**

The Plaintiff could not satisfy the interstate commerce requirement because the Plaintiff was an independent contractor, and plaintiff did not engage in the production of goods for commerce or otherwise engaged in commerce. The store was located at Westchester County, and

its customers were mainly people from the local community. Thus, the Plaintiff did not personally engage in interstate commerce. Activities that are simply "affect or indirectly relate to interstate commerce" are insufficient to satisfy the requirement of individual coverage of interstate commerce. *Li v. Cheng*, No. 10-CV-4664, 2012 WL 1004852, at *4 (E.D.N.Y. Mar. 23, 2012). The Defendants did not engage in produce the goods for materials that have been moved in or produced for commerce because the store was a localized foot massage store and did not participate in the production of goods for commerce.

In addition, pursuant to FLSA 29 U.S.C. § 203 (s)(1)(A), there is a statutory requirement of $500,000 or more to satisfy interstate commerce requirement. Defendants' gross annual income was less than $500,000.

All claims against the Defendants would fail because the Plaintiff was an independent contractor and the Defendants were not an employer of the Plaintiff. Even if the court is going to consider the Plaintiff as an employee, the Plaintiff could not satisfy the requirement of the interstate commerce because it was a foot massage store and the business had a gross income less than $500,000.

For the foregoing reasons, the Complaint should be dismissed. We respectfully request that the pre-motion conference to be scheduled. The undersigned thanks the Court for its time and consideration of this correspondence.

Law Offices of Hui Chen and Associates, P.C.

_/s/HuiChen_____
By:  Hui Chen, Esq.
*Attorneys for Defendants*
136-20 38th Ave., Suite 9E
Flushing, NY 11354
Tel:  (718) 463-2666

3

To:
Troy Law, PLLC
*Attorney(s) for Plaintiff*
41-25 Kissena Boulevard, Ste 103
Flushing, NY 11355
Tel: (718)-762-1324