# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

July 30, 2020

**Via ECF**
Hon. Philip M. Halpern, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   Opposition to Motion for Pre-Motion Conference
> *Zhang v. Jun Wei Inc.*, No. 20-cv-02641 (PMH), (S.D.N.Y.)

Your Honor,

      This office represents the Plaintiffs in the above-referenced matter. We write respectfully to oppose Defendants' request for a pre-motion conference to discuss their anticipated motion to dismiss the Complaint. Defendants proffer three reasons for moving to dismiss: that Plaintiff was not an employee, but an independent contractor; that Defendants were not Plaintiff's employers; and that Defendants' business is not a covered enterprise under the Fair Labor Standards Act. None of Defendants' issues are appropriately resolved at the motion to dismiss stage, and thus the Court should not permit Defendants to move for dismissal.

<u>Defendants Cannot Succeed on their Motion Without Relying on Impermissible Extrinsic Evidence</u>

      Defendants seek to bring their motion pursuant to Rule 12(b)(6). In reviewing a 12(b)(6) motion, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 457 (2d Cir. 2009). It may consider only "(1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as an exhibit or incorporated… by reference; (3) matters of which judicial notice may be taken; and (4) documents upon whose terms and effect the complaint relies heavily, *i.e.*, documents that are 'integral' to the complaint." *Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488, 498 (S.D.N.Y. 2003) (internal citation omitted); *see also Miotto v. Yonkers Pub. Sch.*, 534 F. Supp. 2d 422, 425 (S.D.N.Y. 2008) ("[I]n assessing the legal sufficiency of a claim, the court may consider only the facts alleged in the complaint, and any document attached as an exhibit to the complaint or incorporated in it by reference.").

      Defendants refer to several factual averments in support of their motion that are neither in the Complaint nor are permissible to read into it if all reasonable inferences are drawn in favor of the Plaintiff. For instance, Defendants assert that Plaintiff was an independent contractor and had control over his own working schedule, but Plaintiff pleaded that he was "actively supervised" by Fusheng Li; that he had to drive other employees to and from work and so was not free to use his time working for other employers; and that he had a regular work schedule that was determined by the Defendants. Cplt. ¶¶ 12, 16, 20, 33, 34. Defendants assert that Plaintiff and Defendants had

Hon. Philip M. Halpern, U.S.D.J.
July 30, 2020
*Zhang v. Jun Wei Inc.*, No. 20-cv-02601 (PMH), (S.D.N.Y.)
Page 2 of 2

a "fee-splitting arrangement" and that Plaintiff had "opportunity for profit and loss," but Plaintiff pleaded he was paid a commission of 40% of the price of the services provided to customers. Cplt. ¶¶ 38–45. Defendants assert that their gross annual revenue did not exceed $500,000.00 and that they did not engage in interstate commerce, but Plaintiff pleaded otherwise. Cplt. ¶¶ 9–10.

On the record the Court is permitted to review when deciding a 12(b)(6) motion, Defendants simply cannot succeed using their anticipated arguments.

<u>Whether an Enterprise is a Covered Employer under the FLSA is not Jurisdictional</u>

Defendants raise the issue of whether Defendants' business is a covered enterprise under the FLSA by claiming that Defendants' business did not gross more than $500,000.00 per year, engage in commerce, or have its employees handle goods moved in commerce. They purport to raise this issue under Rule 12(b)(6), but typically it arises under Rule 12(b)(1). However, it is by now well-settled law that "'[t]he question of whether or not Defendants actually are an "enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1) is an issue that goes to the merits of Plaintiff['s] claims rather than the Court's subject matter jurisdiction." *Qian v. Hui*, No. 11-cv-05584 (CM), 2012 U.S. Dist. LEXIS 75181, at *5 (S.D.N.Y. May 30, 2012) (quoting *Velez v. Vassalo*, 203 F. Supp. 2d 312, 332 (S.D.N.Y. (2002)).

For the reasons stated above, Defendants should not be permitted to move to dismiss.

Respectfully submitted,
TROY LAW, PLLC

*/s/ Aaron B. Schweitzer*
Aaron B. Schweitzer
*Attorney for Plaintiffs*

cc: via ECF
   all counsel of record