# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW

Tel: (718) 762-1324   troy...
41-25 Kissena Boul...

> Application for a pre-motion conference granted. The pre-motion conference will be conducted during the telephone conference presently scheduled for 2/22/2021 at 11:30 a.m.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  New York, New York
>           February 4, 2021

*Via* ECF
Hon. Philip M. Halpern, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:   Plaintiff's Request for Order to Show Cause Why Defendants Should Not be Sanctioned for Failure to Comply with Discovery Orders**
*Zhang v. Jun Wei Inc.*, No. 20-cv-02641 (PMH), (S.D.N.Y.)

Your Honor,

This office represents the Plaintiff in the above-referenced matter. We write respectfully to request that Defendants be ordered to show cause why they should not be sanctioned for failure to comply with Court's discovery order, dated December 17, 2020.

**Defendants Should Show Cause for Their Failure to Comply with Court's Discovery Orders.**

On December 17, 2020, the Court ordered that Plaintiff shall take all of Defendants' and non-parties' depositions by January, 31, 2021, concerning the requisite dollar volume of business under the FLSA, and also instructed that Defendants shall co-operate and make themselves available to be deposed in that time period. However, as of writing this letter, Defense counsel did not produce any of its clients to take the depositions, nor did they ever actively confer with the Plaintiff's counsel to proceed the depositions in compliance with the Court's order.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that failure to obey a discovery order is sanctionable by "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; … (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A). In deciding whether to impose such sanctions, the Court must consider the following factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of… noncompliance." *Armstrong v. Martocchio, No*. 18-cv-00580 (RMS), 2020 U.S. Dist. LEXIS 39739, at *6 (D. Conn. Mar. 9, 2009) (quotation marks and citations omitted).

Here, Defendants were deliberately unwilling to co-operate with Plaintiff's counsel by making themselves available for completing the deposition in this matter, and had caused a

Hon. Philip M. Halpern, U.S.D.J.
January 29, 2021
*Zhang v. Jun Wei Inc.*, No. 20-cv-02641 (PMH), (S.D.N.Y.)
Page 2 of 2

significantly and unfairly undue burden on Plaintiff's counsel to proceed this case. Specifically, on January 17, 2021, Plaintiff's counsel sent an email to Defense counsel regarding scheduling the deposition date, since the scheduled deadlines to complete discovery is imminent, but did not receive any response. On January 22, 2021, Defense Counsel wrote a letter to the Court, stating that they intend to be relieved from being required to attend the deposition of the Defendants. *See* Dkt No. 37. On January 25, 2021, Your Honor denied Defense Counsel's request to be relieved from attending the deposition of the Defendants. *See* Dkt No. 38. On January 27, 2021, Plaintiff's counsel reached out to Defense Counsel requesting if he and his clients were available for their deposition on January 31, 2021 and if the proposed date was not convenient Plaintiffs proposed to meet and confer and proposed the confirmed dates to Your Honor to so-order it. However, upon not receiving any response to Plaintiffs Counsel's prior email, on January 29, 2021, Plaintiff's counsel sent another email inviting Defense counsel to meet and confer by 15:00 PM and asking if they would consent to 60-day extension to complete discovery. On January 29, 2021 at 14:36 PM and at 14:39 PM, Plaintiff's counsel called Defense Counsel's office, but no one answer. It was not until 18:00 PM that day, Defense Counsel replied and merely consented to 60-day extension. As of writing this letter, Defense Counsel refused to produce his clients for deposition, nor did they ever confer with Plaintiff's Counsel to resolve this matter.

Given Defendants' recalcitrance and deliberate unwillingness to cooperate with the undersigned office to resolve the above-mentioned issue, Plaintiff's counsel respectfully request the Court directing Defendants to show cause why they should not be sanctioned for failure to comply with Court's discovery order and scheduling a date for their depositions. In light of the Undersigned Counsel's limited availability, Plaintiffs proposes the following dates for Your Honor's consideration to "so-order" the Defendants to confirm their availability and make themselves available for the depositions on either of the proposed dates;

- March 2, 2021; or
- March 3, 2021

For the foregoing reasons mentioned and in light of Defendants constant denial to comply with this Courts' directives, the Undersigned office respectfully requests to Your Honor to Order Defendants to Show Cause why Defendants should not be sanctioned for their failure to comply with the discovery Order.

We thank the Court for its attention to and consideration of this matter.

                                                Respectfully submitted,
                                                TROY LAW, PLLC

                                                */s/ Aaron B. Schweitzer*
                                                Aaron B. Schweitzer
                                                *Attorney for Plaintiffs*

cc: via ECF
    all counsel of record